**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4477**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

DONALD PATRICK HILDEBRANDT,

             Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:21-cr-00202-SAG-1)

---

Submitted:  July 16, 2026                    Decided:  July 20, 2026

---

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Mirriam Z. Seddiq, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant.  David Christian Bornstein, Assistant United States Attorney, Paul E. Budlow, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Patrick Hildebrandt pleaded guilty, pursuant to a written plea agreement, to production of child sexual abuse material, in violation of 18 U.S.C. § 2251(a). The district court sentenced Hildebrandt to 300 months' imprisonment—below his advisory Sentencing Guidelines range of 360 months' imprisonment. On appeal, Hildebrandt's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Hildebrandt's guilty plea is valid and whether Hildebrandt's sentence is procedurally and substantively reasonable. Hildebrandt has not filed a pro se supplemental brief despite receiving an extension of time to do so. We affirm.

Counsel first questions whether Hildebrandt's guilty plea is valid. Because Hildebrandt did not attempt to withdraw his guilty plea or otherwise challenge the knowing and voluntary nature thereof in the district court, we review the district court's acceptance of Hildebrandt's guilty plea for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). Our review of the record leads us to conclude that the district court conducted a thorough Fed. R. Crim. P. 11 colloquy and that Hildebrandt's guilty plea was knowing, voluntary, and supported by an independent factual basis. Hildebrandt is thus not entitled to relief from his guilty plea.

2

Counsel next questions whether Hildebrandt's 300-month sentence is procedurally and substantively reasonable. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We are satisfied that Hildebrandt's sentence of imprisonment is procedurally reasonable. The district court correctly calculated the Guidelines range based in part on stipulations in the plea agreement, thoroughly considered the § 3553(a) factors, provided a meaningful explanation for the sentence that it chose, addressed defense counsel's

3

mitigation arguments, and did not rely on clearly erroneous factual findings. *See Gall*, 552 U.S. at 49-51.

We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Hildebrandt's 300-month sentence. The district court found that Hildebrandt's offense conduct was "extremely troubling" and explained that Hildebrandt repeatedly surreptitiously recorded his own children and other children while they were nude in the bathroom of his home. J.A. 1496.[*] Hildebrandt did so by placing a hidden camera in a position so that it would "record the genitalia" of the children. J.A. 1496. The court was also appropriately concerned that Hildebrandt destroyed evidence after learning about the investigation into his conduct. Additionally, the court properly stressed the needs to "promote respect for the law prohibiting sexual victimization of minor children," to both specifically and generally deter such conduct, and to protect the public. J.A. 1497. Against the aggravating facts of this case, the court weighed the mitigating facts, including Hildebrandt's military service, his mental health, and his rehabilitation while in jail. The court also considered Hildebrandt's public service as a law enforcement officer but found that it cut both ways in that Hildebrandt's conduct constituted a breach of public trust as well as a breach of private trust.

After considering the aggravating and mitigating facts in the context of the § 3553(a) factors, and after varying downward from the Guidelines range, the district court reasonably arrived at a sentence of 300 months. *See United States v. Jeffery*, 631 F.3d 669,

---

[*] Citations to "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). We thus conclude that Hildebrandt's sentence of imprisonment is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hildebrandt, in writing, of the right to petition the Supreme Court of the United States for further review. If Hildebrandt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hildebrandt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*